UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ANDRE, | Case No. 5:14-cv-02888-PSG |
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., et al., | **(Re: Docket Nos. 43 and 45)** |
| Defendants. | |

In this second round of Rule 12 motions, Defendants Bank of America, BAC Home Loans Servicing, LP ("BANA") and Select Portfolio Servicing, Inc., move to dismiss Plaintiff Steven Andre's First Amended Complaint on the grounds that his complaint does not sufficiently allege facts to substantiate his fourteen causes of action. Because the motion went unopposed, the court GRANTS Defendants' motions.

**I.**

Over the course of the economic downturn, Andre experienced financial trouble and fell behind in his mortgage payments. To reduce those payments, in late 2010, Andre applied for a loan modification.[1] After a series of back and forths with various BANA representatives that

---

[1] *See* Docket No. 42 at ¶ 56.

spanned the next several years, Andre and his applications were repeatedly denied.[2] BANA's stated reasons for these denials were often procedural in nature—incomplete paperwork, inability to verify Andre's identity, among others.[3] While Andre persisted in his efforts, his account remained delinquent.

Meanwhile, Andre continued to make payments on his mortgage as best he could, but he continued to incur penalties for being in arrears.[4] Between 2010 and 2012, BANA issued three separate notices of default against Andre's property due to his payment delinquency.[5]

Each time, Andre was successful in obtaining a rescission.[6] There is currently no pending or looming foreclosure associated with his property. Andre nevertheless brought this suit against Defendants asserting twelve causes of action:[7] (1) accounting; (2) RICO violation; (3) National Mortgage Settlement violation; (4) California Homeowners Bill of Rights violation; (5) Federal Consumer Financial Protection Bureau rules violation; (6) injunctive relief; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; (9) violation of the covenant of good faith and fair dealing; (10) negligence; (11) Unfair Business Act; and (12) declaratory relief. The court previously dismissed Andre's complaint finding that he had alleged insufficient facts to state a claim, but granted leave to amend.

---

[2] *See id.* at ¶¶ 61-140.

[3] *See id.*

[4] *See id.*

[5] *See* Docket No. 46 at Exhs. D, F, I.

[6] *See id.* at Exhs. E, H, L.

[7] Causes of action 2, 4, 5, 7, 8, 12 and 14 are alleged against all Defendants; causes of action 1, 3, 10, 11 and 13 are alleged only as to BANA; and causes of action 6 and 9 are alleged only as to SPS.

This time around, Andre added four additional claims[8] without seeking leave of court or consent of Defendants: conversion, violation of the False Claims Act, fraud and conspiracy. For the reasons discussed below, Defendants' motions are GRANTED.

## II.

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

As a preliminary matter, Defendants request judicial notice of several documents, including various deeds of trust and notices and rescissions of default.[9] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[10] In the event that the contents of a matter of public record are in dispute, the court may take notice of the fact of the document at issue but not of the disputed information contained within.[11] Because Andre disputes the contents of these documents and their representations about the status of his loan payments, the court will take judicial notice only of the fact that these documents were recorded in the public record.

## III.

*First*, Andre's first, fourth, fifth and sixth causes of action for conversion, violation of the False Claims Act, fraud and conspiracy were improperly brought and thus must be dismissed with prejudice. Fed. R. Civ. P. 15 requires a party to obtain the opposing party's written consent or the

---

[8] Andre also dropped his claim under the National Mortgage Settlement and collapsed his claims for intentional and negligent interference with prospective economic advantage into one general claim for interference with prospective economic advantage. *See* Docket No. 42.

[9] *See* Docket Nos. 44, 46.

[10] Fed. R. Evid. 201(b).

[11] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

court's leave before amending his complaint to add a new claim if the time to amend as a matter of course has passed.[12]  And this, Andre failed to do.  Andre never sought leave of the court or Defendants to add new claims to his FAC.  And there is no suggestion in this court's previous order granting dismissal with leave to amend that the amendment could include claims outside those initially pleaded.[13]  On this basis alone, these new claims are barred, and Andre will not be permitted to assert them in any future pleading.

*Second*, Andre fails to oppose Defendants' motions to dismiss.  Rather, he files a misplaced objection to the motions on procedural grounds.[14]  That Andre objected to the filing of the motions to dismiss does not excuse his failure to oppose them.  The motions thus are GRANTED as unopposed.  The court is tempted to deny leave to amend at this juncture, but in light of Andre's pro se status, the court will give him one last chance.  Any amended pleading shall be filed within 14 days.

---

[12] *See* Fed. R. Civ. P. 15(a)(2) ([A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."); *see also Benton v. Baker Hughes*, Case No. 12-cv-07735, 2013 WL 3353636, at *3 (C.D. Cal. Jun. 30, 2013) (addition of new claims exceeds the scope of leave to amend granted upon Rule 12 dismissal); *DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-cv-01390, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken"); *Kennedy v. Full Tilt Poker*, Case No. 09-cv-07964, 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12, 2010) (noting that the court had stricken a third amended complaint because plaintiffs' new claims and the addition of new defendants "exceeded the authorization to amend the court granted" and plaintiffs had not sought leave to add new claims or defendants as required by Rule 15).

[13] *See* Docket No. 41.

[14] Andre claims that he filed the document "Under Seal" and Defendants thus should not have received it for at least 60 days while the federal government contemplates whether to take the case.  But merely labeling a filing "Under Seal" is insufficient.  Andre was required to file his complaint in its entirety under seal pursuant to Civ. L.R. 79-5.  As to the False Claims Act claim, the issue is irrelevant as Andre did not seek leave to add it in the first instance.

SO ORDERED.

Dated: May 8, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge