UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ANDRE, | Case No. 5:14-cv-02888-PSG |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO AMEND** |
| v. | |
| BANK OF AMERICA, N.A., et al., | **(Re: Docket No. 55)** |
| Defendants. | |

Plaintiff Steven Andre moves for leave to add four additional claims by way of a Second Amended Complaint. Defendants Bank of America, N.A. and Select Portfolio Servicing, Inc. oppose, pointing to this court's earlier order dismissing Andre's First Amended Complaint. In that order, the court said that because leave had not been granted to add the same four additional claims, "Andre will not be permitted to assert them in any future pleading."[1] Because the Ninth Circuit's interprets Fed. R. Civ. P. 15(a) so that a plaintiff's right to amend his complaint is unrestricted until an answer is filed, Andre was in fact entitled to file his FAC with the four additional claims. To remedy this error, the Court GRANTS Andre's motion for leave to amend.

**I.**

Andre filed an initial complaint against Defendants Bank of America, N.A. and Select

---

[1] Docket No. 54 at 4.

1

Case No. 5:14-cv-02888-PSG
ORDER GRANTING MOTION FOR LEAVE TO AMEND

Portfolio Servicing, Inc. challenging Defendants' lending practices as improper under a variety of legal theories.[2] The court granted Defendants' motions to dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(6), but allowed Andre leave to amend.[3] Andre then filed a FAC that included for the first time four additional causes of action for conversion, violation of the False Claims Act, fraud and conspiracy.[4] Because Andre failed to oppose Defendants' motions to dismiss, and the additional claims exceeded those originally pleaded, the court not only dismissed the FAC in its entirety but specifically dismissed the four claims with prejudice.[5] At the same time, in light of Andre's pro se status, the court once again granted leave to amend.[6]

But rather than amend only as to those claims originally pleaded, as permitted, Andre filed this motion for leave to amend to include the exact same four claims that the court previously found procedurally barred.[7] In addition to arguing that these four claims remain procedurally barred,[8] Defendants argue that further amendments would be futile and prejudicial and cause undue delay.[9]

**II.**

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

---

[2] *See* Docket No. 1.

[3] *See* Docket No. 41.

[4] *See* Docket No. 42.

[5] *See* Docket No. 54.

[6] *See id.* at 4.

[7] *See* Docket No. 55.

[8] *See* Docket No. 57 at 1; *see also* Docket No. 58 at 1.

[9] *See* Docket No. 57 at 4-8; *see also* Docket No. 58 at 2.

## III.

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Because Defendants have only moved to dismiss, and have not answered, this court must decide whether it had any authority to restrict Andre's right to amend when it granted Defendants' motion to dismiss original complaint and FAC. Reading the case law of the Ninth Circuit, it appears the answer is no.

***First***, in *Mayes v. Leipzinger*, the Ninth Circuit held that "[a] motion to dismiss is not a 'responsive pleading' within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper."[10] The court further explained:

> In *Worldwide Church of God, Inc. v. State of California,* 623 F.2d 613, 616 (9th Cir.1980), we said that "a party may, as a matter of right, amend its complaint once before the filing of a 'responsive pleading' or the entry of final judgment following dismissal of its action." In *Worldwide Church,* as here, no final judgment was entered. Similarly, in *Nolen v. Fitzharris,* 450 F.2d 958 (9th Cir.1971), defendants filed no responsive pleading prior to their motion to dismiss for failure to state a claim. The district court granted the motion to dismiss the action without leave to amend. After noting Rule 15(a) and the absence of responsive pleading, we stated: "In their memorandum briefs filed in the district court, plaintiffs indicated that they wished to file an amended complaint. It therefore appears that plaintiffs had the right to amend the complaint as a matter of course, which right was denied to them . . . ." *Id.* at 959.[11]

---

[10] *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963)).

[11] *Id.* at 607-608. While the Ninth Circuit's approach appears to be in the minority, *see United States v. Union Corp.*, 194 F.R.D. 223, 229-232 (E.D. Pa. 2000), this court is bound by it.

3
Case No. 5:14-cv-02888-PSG
ORDER GRANTING MOTION FOR LEAVE TO AMEND

*Second*, even if Andre were not entitled to bring his new claims as a matter of right under Rule 15(a)(1), he would be entitled to seek leave to under Rule 15(a)(2).[12] In particular, Defendants have not demonstrated that they will suffer undue prejudice if Andre is granted leave to amend.  "Prejudice to the opposing party is the most important factor."[13]  Defendants argue that allowing Andre to include the four additional claims will unfairly impose additional litigation costs in that it will require Defendants' counsel to expend unnecessary time and financial resources.  This argument is undercut, however, by Defendants' observation that these claims rely upon the same facts that were presented in the earlier complaints.  Although these new claims raise the possibility of additional discovery, this possibility alone does not rise to the level of substantial prejudice.[14]

Defendants have not made a sufficiently strong showing on any of the remaining *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend.[15]  Defendants argue that because these additional claims rely on facts previously known to Andre, there has been undue delay in bringing these claims.  But Andre's pro se status, even though he is

---

[12] *See* Fed. R. Civ. P. 15(a)(2) ([A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.").

[13] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (listing this factor among others to be considered).

[14] *Cf. Jackson*, 902 F.2d at 1388 (affirming the district court's denial of leave to amend where the amendment would require the appellees to relitigate a portion of the case on entirely new legal theories).

[15] *See Raifman v. Wachovia Securities, LLC*, Case No. 11-cv-02885, 2012 WL 1611030, at *2 (N.D. Cal. May 8, 2012) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also Eminence Capital, LLC*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.").

himself an attorney, must again be given some consideration.[16] Defendants' arguments concerning futility similarly fail to justify denial of leave to amend. While Defendants suggest that none of the proposed claims states a claim upon which relief can be granted, their present papers largely focus on procedural rather than substantive grounds. Any substantive argument should be presented in a motion to dismiss the SAC, if Defendants choose to file one.

**SO ORDERED.**

Dated: September 23, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] See *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).