UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANDRE,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NA, et al.,<br><br>    Defendants. | Case No. 14-cv-02888-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Re: Docket No. 70)** |

For the third time, Plaintiff Steven Andre alleges that Defendants Bank of America, NA and BAC Home Loans Servicing, LP (collectively, "BANA") committed various misdeeds related to a deed of trust on his Salinas home.[1] For the third time, BANA moves to dismiss Andre's complaint for failure to state a claim.[2] And for the third time, the motion is GRANTED—this time without leave to amend.[3]

**I.**

Andre experienced financial trouble and fell behind in his mortgage payments.[4] To reduce those payments, in late 2010, Andre applied for a loan modification.[5] After a series of back and

---

[1] *See* Docket No. 69 at ¶¶ 3-4, 52.

[2] *See* Docket No. 70; *see also* Docket No. 12; Docket No. 44. Defendant SPS/Select Portfolio Servicing, Inc. filed a separate motion to dismiss, but Andre later dismissed his claims against SPS. *See* Docket No. 73; Docket No. 85.

[3] *See* Docket No. 41 (dismissing original complaint); Docket No. 54 (dismissing first amended complaint).

[4] *See* Docket No. 69 at ¶¶ 54-55.

[5] *See id.* at ¶ 57.

1
Case No. 14-cv-02888-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

forths with various BANA representatives that spanned the next several years, Andre and his applications were repeatedly denied.[6] BANA's stated reasons for these denials were often procedural in nature—incomplete paperwork and inability to verify Andre's identity, among others.[7]

Though Andre persisted in his efforts, his account remained delinquent. Andre continued to make payments on his mortgage as best he could, but he continued to incur penalties for being in arrears.[8] Between 2010 and 2012, BANA issued three separate notices of default against Andre's property due to his payment delinquency.[9] Each time, Andre successfully obtained a rescission of the default.[10] There is currently no pending or looming foreclosure associated with his property.

Nevertheless, in June 2014, Andre brought this suit, in which he initially asserted twelve causes of action.[11] The court dismissed his complaint in its entirety, but granted leave to amend.[12] Andre then filed an amended complaint that featured essentially the same allegations and almost all of the same claims.[13] The court dismissed Andre's complaint again, but granted him leave to amend his original claims and add four new ones.[14] Andre duly filed a second amended

---

[6] *See id.* at ¶¶ 105, 115, 119-120, 122, 130.

[7] *See id.*

[8] *See id.* at ¶¶ 90, 104, 108, 114, 118, 124, 135.

[9] *See* Docket No. 71 at Exs. D, F, I.

[10] *See id.* at Exs. E, H, L.

[11] *See* Docket No. 1.

[12] *See* Docket No. 41.

[13] *See* Docket No. 42.

[14] *See* Docket No. 54 (dismissing complaint); Docket No. 68 (granting Andre's motion for leave to file another amended complaint).

complaint.[15] That operative complaint—which weighs in at 109 pages—contains thirteen causes of action: (1) conversion; (2) accounting; (3) RICO violation; (4) False Claims Act; (5) fraud; (6) conspiracy; (7) California Homeowners Bill of Rights violation; (8) Federal Consumer Financial Protection Bureau rules violation; (9) interference with prospective economic advantage; (10) violation of the covenant of good faith and fair dealing; (11) negligence; (12) Unfair Business Act and (13) declaratory relief.[16]

As a preliminary matter, BANA requests judicial notice of several documents, including various deeds of trust and notices and rescissions of default.[17] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[18] In the event that the contents of a matter of public record are in dispute, the court may take notice of the fact of the document at issue but not of the disputed information contained within.[19] Because Andre disputes the contents of these documents and their representations about the status of his loan payments, the court will take judicial notice only of the fact that these documents were recorded in the public record.

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[20]

---

[15] *See* Docket No. 69.

[16] *See id.* at ¶¶ 152-258.

[17] *See* Docket No. 71.

[18] Fed. R. Evid. 201(b).

[19] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

[20] *See* Docket Nos. 8, 15.

3
Case No. 14-cv-02888-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

## III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[21] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[22] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[24] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[25]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[26] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[27] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[28]

None of Andre's claims satisfies these standards.

---

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[24] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[25] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[26] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[27] *See id.*

[28] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

*First*, nine of Andre's claims are the same as those the court already dismissed twice.[29] For largely the same reasons, the court dismisses these claims again. Furthermore, in light of Andre's "repeated failure to cure deficiencies by amendments previously allowed,"[30] leave to amend is denied.

Andre has made no meaningful changes at all to several of his claims. For example, Andre's seventh cause of action, under the California Homeowner's Bill of Rights,[31] remains essentially identical to the HBOR claim he raised in his original complaint.[32] As the court already has explained, HBOR is not retroactive, so it does not apply to conduct that occurred before January 1, 2013.[33] HBOR also does not obligate a lender "to evaluate applications from borrowers who have already been evaluated . . . prior to January 1, 2013 . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application."[34] Andre contends that he need not allege such a change because BANA "failed and refused to engage in any genuine review" of his pre-2013 applications to modify his loan.[35] But Andre raised this argument a year ago,[36] and the court rejected it then.[37] It does so again now for

---

[29] *See* Docket No. 41; Docket No. 54; *compare* Docket No. 1 at ¶¶ 144-201 (claims in original complaint), *with* Docket No. 69 at ¶¶ 156-198, 219-258 (same claims in operative complaint). Specifically, Andre's renewed claims are his second, third, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth causes of action, for accounting, RICO violation, HBOR violation, CFPB rules violation, interference with prospective economic advantage, bad faith, negligence, unfair business and declaratory relief. *See* Docket No. 69 at ¶¶ 156-198, 219-258.

[30] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[31] *See* Cal. Civ. Code §§ 2923.6-.7.

[32] *Compare* Docket No. 1 at ¶¶ 160-166, *with* Docket No. 69 at ¶¶ 219-225.

[33] *See* Docket No. 41 at 9.

[34] Cal. Civ. Code § 2923.6(g).

[35] Docket No. 75 at 13.

[36] *See* Docket No. 20 at 13-14.

[37] *See* Docket No. 41 at 7-8.

5
Case No. 14-cv-02888-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

the same reason: Andre provides no basis for his claim that BANA did not evaluate his applications at all.

Andre's allegation that BANA did not furnish him with a single point of contact, which he repeats nearly verbatim from his original complaint,[38] also fails just as it did before. "While it may be true that he was frequently forced to deal with different individuals, the statute only requires that each such individual be someone who has access to the borrower's information and who can assist the borrower with any concerns. It does not require that the single point of contact be consistent over a specific period of time."[39]

Similarly, Andre's claim that BANA violated Consumer Financial Protection Bureau regulations is effectively the same as his original claim.[40] Like that original claim, the amended claim fails because Andre knew that "he was behind in his payments and that loan modification was not going to be a viable option."[41] Andre's claim for interference with prospective economic advantage[42] still "merely alleges harm to a speculative relationship that did not exist during the alleged interference with his loan modification applications."[43] Andre's operative unfair business claim is identical to his original one,[44] which the court dismissed.[45] And again, "[b]ecause

---

[38] *Compare* Docket No. 1 at ¶ 165, *with* Docket No. 69 at ¶ 224.

[39] Docket No. 41 at 8-9. The court also cited the retroactivity issue as an independent basis for dismissing the single-point-of-contact claim. *See id.* at 9.

[40] *Compare* Docket No. 1 at ¶¶ 167-174, *with* Docket No. 69 at ¶¶ 226-233.

[41] Docket No. 41 at 10; *see* Docket No. 69 at ¶¶ 105, 115, 119-120, 130.

[42] Andre's original complaint contained separate claims for intentional and negligent interference with prospective economic advantage. *See* Docket No. 1 at ¶¶ 179-186. The current complaint merges these into a single claim but alleges essentially the same conduct. *See* Docket No. 69 at ¶¶ 234-238.

[43] Docket No. 41 at 11.

[44] *Compare* Docket No. 1 at ¶¶ 196-198, *with* Docket No. 69 at ¶¶ 253-255.

[45] *See* Docket No. 41 at 15-16.

Andre's underlying claims fail, so too do[es] his . . . declaratory relief claim[]."[46]

Andre's amendments to other claims are only cosmetic. The accounting claim still cannot go forward because Andre has not alleged "an unknowable balance or one that cannot be surmised absent an accounting."[47] Andre also admits that he remains behind on his mortgage payments,[48] meaning that "he owes money to [BANA], not the other way around."[49] Andre's claim for violation of the covenant of good faith and fair dealing now includes an express allegation that BANA "breached the express terms of the mortgage agreement,"[50] but Andre still "has not pleaded a breach of contract claim" or a "fiduciary relationship" between him and BANA.[51] None of Andre's amendments to his negligence claim changes the analysis under California's "multi-factor test to determine whether a financial institution owes a duty of care to a borrower."[52] As they did before, "the factors weigh in favor of finding no duty," without which "there can be no breach, and thus no negligence claim."[53]

As for Andre's claim under the Racketeer Influence and Corrupt Organizations Act,[54] despite more substantial changes, his arguments remain unpersuasive. Andre now alleges a litany

---

[46] *Id.* at 16.

[47] *Id.* at 5.

[48] *See* Docket No. 69 at ¶¶ 61, 143.

[49] Docket No. 41 at 5.

[50] Docket No. 69 at ¶ 240.

[51] Docket No. 41 at 12.

[52] *Id.* at 13 (citing *Ottolini v. Bank of Am.*, Case No. 11-cv-00477, 2011 WL 3652501, at *6 (N.D. Cal. Aug. 19, 2011)).

[53] *Id.* at 13-15.

[54] *See* 18 U.S.C. § 1962(c) ("[It is] unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.").

of misconduct by BANA towards other people and includes a lengthy discussion of BANA's motives.[55] Nevertheless, in his laundry list of allegations of racketeering activity,[56] Andre still does not "plead with 'particularity the time, place, and manner of each act of fraud.'"[57] As before, that failure is fatal to Andre's RICO claim.

***Second***, the operative complaint presents only three claims against BANA that Andre did not raise in his original complaint.[58] Just like the original claims, the new ones cannot withstand a Rule 12(b)(6) challenge either. And because Andre has had several opportunities to state a claim and still has not done so, these new claims are dismissed with prejudice too.

Andre's conversion claim does not meet the legal standards for that tort. "Under California law conversion refers to 'an actual interference with [the plaintiff's] ownership or right of possession.'"[59] "The elements of conversion are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages."[60] "A cause of action for conversion of money can be stated only where a defendant interferes with the plaintiff's possessory interest in a specific,

---

[55] *See* Docket No. 69 at ¶¶ 168-198.

[56] *See id.* at ¶¶ 195-197.

[57] Docket No. 41 at 6 (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)).

[58] *See* Docket No. 69 at ¶¶ 152-155, 199-211; *cf.* Docket No. 1. Specifically, Andre's new claims are his first, fourth and fifth causes of action, for conversion, violation of the False Claims Act and fraud, respectively. *See* Docket No. 69 at ¶¶ 152-155, 199-211. Andre's conspiracy claim also is new to his amended complaints, but he has not asserted that claim against BANA. *See id.* at ¶¶ 212-218.

[59] *Second Measure, Inc. v. Kim*, Case No. 15-cv-03395, 2015 WL 6954890, at *15 (N.D. Cal. Nov. 10, 2015) (quoting *Moore v. Regents of Univ. of Cal.*, 51 Cal. 3d 120, 136 (1990)) (alteration in original).

[60] *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003) (citing *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998)).

8
Case No. 14-cv-02888-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

identifiable sum, such as when a trustee or agent misappropriates the money entrusted to him."[61]

Here, Andre willingly sent BANA the cashier's checks at issue.[62] In fact, even when BANA returned his checks, Andre persisted in mailing them back.[63] BANA was never Andre's trustee or agent; it was not holding Andre's money on his behalf. Andre therefore gave up his possessory interest in those checks, and BANA committed no wrongful act inconsistent with Andre's property rights. Andre cites no cases in support of his contention that the conduct he alleges can give rise to a claim for conversion.[64]

His cause of action for fraud also falls short. The Federal Rules of Civil Procedure require a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud."[65] He "must 'set forth *more* than the neutral facts necessary to identify the transaction.'"[66] Under California law, the elements of a fraud claim are (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to defraud; (4) justifiable reliance and (5) resulting damage.[67] The plaintiff "must suffer actual monetary loss to recover on a fraud claim,"[68] and that recovery is limited to his

---

[61] *Kim v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267, 284 (2011) (emphasis omitted).

[62] *See* Docket No. 69 at ¶¶ 101, 108-110, 112, 114, 118, 124-125, 135, 138, 153-154.

[63] *See id.* at ¶¶ 108-110, 112, 114, 118, 124, 135.

[64] *Cf. McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1492 (2006) ("Plaintiffs cite no authority for the proposition that a cause of action for conversion may be based on an overcharge. Consequently, they have failed to demonstrate that they have stated a cause of action for conversion.").

[65] Fed. R. Civ. P. 9(b).

[66] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

[67] *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)).

[68] *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (1995); *see also Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962, 974 (2004) (quoting *Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 364 (2004)) ("Deception without resulting loss is not actionable fraud.").

out-of-pocket loss.[69]  The latter measure "is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received."[70]

Andre has not met Rule 9(b)'s heightened pleading standards.  Andre alleges that BANA presented itself as willing to modify home loans for Andre and similarly situated borrowers, but that in fact BANA had no intention of granting loan modifications.[71]  But Andre does not identify "the who, what, when, where, and how"[72] of the alleged misrepresentations, other than pointing to BANA's "public embracement of the Servicer Participation Agreement."[73]  Andre also does not allege that he relied on these misrepresentations, much less that his reliance was justified.

Moreover, Andre does not establish an out-of-pocket loss traceable to the alleged fraud.  A plaintiff alleging fraud is eligible only to be returned to his original financial position, not to gain what the defendant fraudulently promised him.[74]  Therefore, Andre cannot recover the benefits of a modification that, per his own allegations, BANA never intended to grant.  And Andre does not elaborate on the time, energy and money he wasted or the opportunities he passed up in pursuing the modification.[75]  He has failed to plead his damages with the specificity that Rule 9(b) requires.

Finally, Andre's False Claims Act cause of action cannot survive.  The FCA authorizes individuals to bring suit on behalf of the United States against parties submitting false claims to

---

[69] *See Alliance Mortg.*, 10 Cal. 4th at 1240-41 (quoting *Kenly v. Ukegawa*, 16 Cal. App. 4th 49, 53 (1993)) (limiting defrauded plaintiffs to recovering "out-of-pocket loss" except when the perpetrator is a fiduciary).

[70] *Id.* (quoting *Stout v. Turney*, 22 Cal. 3d 718, 725 (1978)).

[71] *See* Docket No. 69 at ¶¶ 207-211.

[72] *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

[73] Docket No. 69 at ¶ 208.

[74] *See Alliance Mortg.*, 10 Cal. 4th at 1240-41.

[75] *See* Docket No. 69 at ¶ 211; Docket No. 75 at 11-12.

the government.[76]  These "qui tam" provisions incentivize whistleblowing by rewarding qui tam plaintiffs with a share of the government's recovery.[77]  A qui tam plaintiff, also called a relator, must file the FCA complaint under seal and serve a copy on the government.[78]  If a relator violates the seal provisions, the court may dismiss the claim after considering (1) whether the government was actually harmed by the disclosure, (2) the nature of the violation and (3) the presence or absence of bad faith or willfulness.[79]  "[T]he complete failure to abide by any of the seal provisions" can justify dismissing the claim.[80]

Andre did not file his complaint under seal; nor did he serve a copy on the government.[81]  His "violation 'incurably frustrated the statutory purposes underlying [the seal] requirements.'"[82]  The government had no opportunity to intervene in this case.  Also, Andre "*completely* failed to comply with *any* of the requirements of § 3730(b)(2)."[83]  Not only was Andre's violation total in nature, but he also made no attempt to satisfy the seal requirements.  Given these serious procedural failures—to say nothing of the shortcomings on the merits, which mirror those the court already has discussed—the FCA claim cannot proceed.

---

[76] *See* 31 U.S.C. § 3730(b)(1) ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government.  The action shall be brought in the name of the Government.").

[77] *See id.* § 3730(d).

[78] *See id.* § 3730(b)(2); *see U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 967 & n.7 (9th Cir. 1999).

[79] *See U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245-47 (9th Cir. 1995).

[80] *Id.* at 246.

[81] *See* Docket No. 1.

[82] *Lujan*, 67 F.3d at 245 (quoting *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 996 (2d Cir. 1995)) (alteration in original).

[83] *Id.* at 246.

**IV.**

Defendants' motion to dismiss is GRANTED. As explained above, leave to amend is DENIED. A separate order pursuant to Fed. R. Civ. P. 58 will issue.

**SO ORDERED.**

Dated: January 6, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge