UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANDRE,<br><br>   Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, NA, et al.,<br><br>   Defendants. | Case No. 14-cv-02888-PSG<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT**<br><br>**(Re: Docket No. 92)** |

After the court dismissed Plaintiff Steven Andre's second amended complaint[1] and entered judgment against him,[2] Andre asks the court to revisit its decision.[3]  A court should alter or amend a judgment only in rare circumstances.  "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources.'"[4]  Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[5]

---

[1] *See* Docket No. 90.

[2] *See* Docket No. 91.

[3] *See* Docket No. 92.  Though Andre styles it as a motion for reconsideration, Civ. L.R. 7-9 precludes such motions once a judgment has been entered.  Instead, the court will treat Andre's motion as one to alter the judgment, pursuant to Fed. R. Civ. P. 59(e).

[4] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 Moore's Federal Practice § 59.30[4]).

[5] *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Andre's motion identifies no new evidence or change in controlling law.  Instead, he repeats a number of arguments that the court has rejected several times, and he raises new arguments in response to the court's order.  As to the former, the court is not persuaded that its previous decisions constituted clear error.  And as to the latter, "[a] Rule 59(e) motion may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation."[6]  Because Andre has not shown that he is entitled to the "extraordinary remedy" of an altered judgment,[7] his motion is DENIED.[8]

**SO ORDERED.**

Dated: March 24, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[6] *Id.* (citing *389 Orange St. Partners*, 179 F.3d at 665).

[7] *Id.* (quoting 12 Moore's Federal Practice § 59.30[4]).

[8] Pursuant to Civ. L.R. 7-1(b), the court finds this motion suitable for determination without oral argument.  The hearing on this motion, scheduled for March 29, is vacated.